UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK A. HOUSTON,

    Plaintiff,

v.                                                      Case No. 20-cv-163-pp

CO STUCKER, *et al.*,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE (DKT. NO. 33) AND ORDERING PLAINTIFF TO IDENTIFY A DISTRICT TO TRANSFER VENUE**

      Plaintiff Derrick A. Houston is proceeding under 42 U.S.C. §1983 on Eighth Amendment claims against several known and unknown defendants. Dkt. No. 17. At the time he filed his complaint, the plaintiff was incarcerated at the Brown County Jail in Green Bay, Wisconsin. Dkt. No. 1 at 1, 17. On August 20, 2020, the plaintiff notified the court that he had been transferred to Dodge Correctional Institution in Waupun, Wisconsin. Dkt. No. 11. Three months later, he informed the court he had been moved to the Racine County Jail in Racine, Wisconsin. Dkt. No. 14. Finally, on April 20, 2021, just over a month after the court screened the plaintiff's complaint, the plaintiff notified the court that he had been released and provided his new address in Louisville, Kentucky. Dkt. No. 19. That was the last time the court heard from the plaintiff or received any mail from him.

      To date, service has been successful only on Officers Griffin (identified as Joshua Griffin) and Montes (identified as Kassandra Montes De Oca). Dkt. Nos.

1

23, 24. On October 20, 2021, Griffin and Montes filed a motion to dismiss the lawsuit under Federal Rules of Civil Procedure 12(b)(2), (3) and (5). Dkt. No. 33. The next day, the court ordered the plaintiff to respond to the defendants' motion by the end of the day on November 10, 2021. Dkt. No. 37. The court advised the plaintiff that if he did not respond to the motion by that deadline, "the court [would] treat the defendants' motion as unopposed, that is, without considering a response from the plaintiff." Id. at 2. The court explained that that meant "the court likely will grant the defendants' motion and dismiss the case against them." Id.

The November 10, 2021 deadline has long passed, and the plaintiff has not responded to the defendants' motion or explained why he cannot. As noted, the court has not heard from the plaintiff since his April 2021 letter providing his latest address in Kentucky. As it indicated it would in its October 2021 order, the court will treat the defendants' motion to dismiss as unopposed.

**I.      Background**

The court received the plaintiff's complaint on February 3, 2020. Dkt. No. 1. The complaint alleged various incidents that occurred during the plaintiff's transport from Florida to Wisconsin, beginning October 30, 2019. Dkt. No. 17 at 6 (citing Dkt. No. 1 at 3). It alleged that two officers from "PTS of America, Prison Transport America" (Griffin and Montes) picked up the plaintiff in Orange County, Florida. Id. The complaint alleged that PTS is based out of White Creek, Tennessee. Id. It alleged that after picking up the plaintiff, the PTS officers made stops in Kentucky, Tennessee and Missouri before arriving at

the Brown County Jail on November 5, 2019. Id. at 6, 8, 14 (citing Dkt. No. 1 at 4, 7, 14). The complaint alleged that during the trip, the officers Tasered the plaintiff several times, sprayed him with pepper spray, denied him bathroom breaks and forced him to urinate into bottles, gave him only tartar sauce sandwiches to eat, denied him medical treatment and forced him to sit in a transport van in soiled clothing. Id. at 7–16 (citing Dkt. No. 1 at 4–16). The only allegations related to Wisconsin or the Eastern District of Wisconsin are the following:

> On 11-5-2019 Mr. Houston arrived at Brown County [J]ail. Mr. Houston immediately put in a medical request complaining about the pain he was having. Mr. Houston was seen by the nursing staff and a report was made on 11-8-2019, on his injuries.

Dkt. No. 1 at 15.

The court allowed the plaintiff to proceed on claims under the Eighth Amendment against Griffin, Montes and a John Doe defendant the plaintiff identified as "C.O. Stucker" at the Williamson County Sheriff's Office in Williamson County, Tennessee. Dkt. No. 17 at 2–4, 25–26. The court also added several John Doe placeholders to allow the plaintiff to proceed on claims against several defendants whose names he did not know. Id. at 32. The court ordered the U.S. Marshals Service (USMS) to serve defendants Griffin, Montes and Stucker. Id. at 31. The court explained that it would enter a scheduling order once those named defendants had answered the complaint, and the scheduling order would provide information to assist the plaintiff in identifying the John Doe defendants. Id. at 32.

On March 19, 2021, two days after the court entered the screening order, the clerk's office transmitted the complaint to the USMS for service on defendants Stucker, Griffin and Montes. Dkt. No. 18. On May 21, 2021, the court received back the unexecuted waiver of service sent to Stucker. Dkt. No. 20. The waiver shows that the USMS attempted to serve Stucker through his or her attorney but received no reply. Id. The USMS then attempted to contact Stucker's supervisor but were informed that "No CO Stucker ever employed at Williamson County Jail." Id. The waivers of service on Griffin and Montes also were returned unexecuted. Dkt. No. 21. These forms show that the USMS contacted the defendants' attorneys but eventually returned the waivers with a note, "unable to locate after numerous attempts." Id.

On July 29, 2021, more than four months after the court entered the screening order, the court sent summonses to the USMS for service on the three named defendants. Dkt. No. 22. The summonses for Officers Griffin and Montes were returned about a month later. Dkt. Nos. 23, 24. The summons for Officer Griffin was served on his father in Georgia. Dkt. No. 23. The summons for Montes was served on Montes herself in Fort Campbell, Kentucky. Dkt. No. 24 at 1. On October 4, 2021, the summons sent to Stucker was returned unexecuted. Dkt. No. 32. The USMS noted that the Williamson County Sheriff's Offices in both Texas and Tennessee were contacted. Id. Neither office reported anyone by the name Stucker being employed there. Id.

On September 8, 2021, one week after receiving the executed summons on defendant Montes, the court received a letter from Montes. Dkt. No. 25. The

4
Case 2:20-cv-00163-PP   Filed 05/26/22   Page 4 of 16   Document 38

letter explained that Montes had been served with the papers on July 30, 2021. Id. Montes says she was a trainee working for PTS (which she identifies as Prisoner Transportation Services, Inc.) at the time of the events alleged in the plaintiff's complaint. Id. She noted that she has little memory of the incident and "was asleep at the time because [she] was not on shift." Id. Montes says she is "not privy to the events that Mr. Houston is stating took place." Id. She notes that she is no longer employed by PTS and is "essentially a stay-at-home mom, raising two daughters," who lives on an Army base with her enlisted husband. Id. She says "it would be extremely difficult for [her] to have to travel to another state, due to [her] financial obligations and familial responsibilities." Id.[1]

## II. Defendants' Motion

The defendants raise three grounds for dismissing this lawsuit under Federal Rule of Civil Procedure 12(b). The defendants first assert that dismissal is proper under Rule 12(b)(5) because the plaintiff did not serve them within ninety days of filing the complaint. Dkt. No. 34 at 2. The defendants contend that the complaint was not considered "filed" until March 17, 2021, when the court screened it and permitted the plaintiff to proceed without prepaying the filing fee. Id. at 2–3. Defendant Griffin was served on August 26, 2021 (161 days later), and Montes was served on August 27, 2021 (162 days later). Id.

---

[1] The letter from Montes is addressed Fort Campbell, Tennessee—not Fort Campbell, Kentucky, where she was served. Compare Dkt. No. 24 at 1 and Dkt. No. 25. Montes since has filed a declaration clarifying that she resides in Fort Campbell, Kentucky. Dkt. No. 36 at ¶2.

The defendants assert that this service was insufficient and violated Federal Rule of Civil Procedure 4(m), so the lawsuit should be dismissed. Id. at 3.

The defendants assert that dismissal also is proper under Rule 12(b)(2) because this court lacks personal jurisdiction over the defendants. Id. The defendants cite Wisconsin's jurisdictional statute, Wis. Stat. §801.05, and assert that the plaintiff alleges no facts supporting a finding that either defendant has sufficient contacts with Wisconsin that permit the court to exercise personal jurisdiction over them. Id. at 4–5. Both defendants submitted declarations detailing their contacts, or lack thereof, with Wisconsin. Dkt. Nos. 35, 36. Both defendants swear that the only time they were in Wisconsin was when they dropped off the plaintiff at the Brown County Jail on November 5, 2019. Dkt. No. 35 at ¶¶5, 7; Dkt. No. 36 at ¶6. Neither has been in Wisconsin since. Dkt. No. 35 at ¶8; Dkt. No. 36 at ¶7.

Finally, the defendants contend the lawsuit should be dismissed under Rule 12(b)(3) because venue is not proper in the Eastern District of Wisconsin. Dkt. No. 34 at 6. The defendants note that the complaint's only mention of Wisconsin is that the plaintiff arrived at the Brown County Jail on November 5, 2019, and was provided medical treatment. Id. The defendants ask that the court dismiss the lawsuit rather than transfer it to another district because the complaint "alleges conduct that occurred in a multitude of different states and districts," so an appropriate district cannot be determined. Id. at 7.

### III. Analysis

#### A. <u>Insufficient Service of Process (Rule 12(b)(5))</u>

Under Federal Rule of Civil Procedure 4(m), the defendants must be served with process "within 90 days after the complaint is filed." If they are not served within that time, the court "must dismiss the action without prejudice against th[e] defendant[s] or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The defendants are correct that they were not served with the complaint until well after ninety days from the date the complaint was considered "filed"—which occurred after the court screened the complaint and allowed the plaintiff to proceed in this lawsuit. <u>See</u> <u>Ford v. Johnson</u>, 362 F.3d 395, 398 (7th Cir. 2004) ("Prisoners' complaints are reviewed under 28 U.S.C. § 1915A and not filed (nor are the defendants notified and served with process) until the district judge finds that they pass the statutory screen."); <u>Larson v. Brown Cty.</u>, No. 11-C-0930, 2012 WL 3067035, at *2 (E.D. Wis. July 27, 2012) (citing <u>Donald v. Cook Cty. Sheriff's Dep't</u>, 95 F.3d 548, 557 n. 5 (7th Cir. 1996)) (noting that "when the plaintiff relies on the United States Marshal to serve defendants," the period to effectuate service does not begin "until the date on which in forma pauperis status is granted"). The court granted the plaintiff's motion to proceed *in forma pauperis* and screened the complaint on March 17, 2021. Dkt. No. 17. The defendants were not served until August 26 and 27, 2021, more than five months later. Dkt. Nos. 23, 24.

But the court may extend the time for service in certain circumstances, including when there is good cause to do so. Fed. R. Civ. P. 4(m); Pulera v. Sarzant, No. 15-C-461, 2017 WL 6557555, at *5 (E.D. Wis. Dec. 22, 2017) (discussing Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002)). In determining whether to excuse a plaintiff's failure to effect service within ninety days of filing, the court should consider factors such as harm to the defendants' ability to defend the suit because of the delay in service, whether the defendants received notice shortly after the ninety-day period had elapsed and whether dismissal without prejudice would effectively result in a dismissal *with* prejudice. Id.

Service was effectuated by the USMS because the plaintiff was (and is) representing himself. At the time of service, the plaintiff was in the Racine County Jail, so he was unable personally to serve any defendant. The USMS located and served the defendants with the summonses after being unable to serve them a waiver of service. The plaintiff had no control over the time it took the USMS to conduct service, and it would be inappropriate to fault him for the delay. Moreover, the defendants received the summons and complaint about two months after the ninety-day deadline elapsed. Although that is not an inconsiderable amount of time, the defendants have not asserted "any actual harm to [their] ability to defend the suit as a consequence of the delay in service." Id. (quoting Coleman, 290 F.3d at 934). They offer no reason to dismiss based on inadequate service beyond a strict adherence to the ninety-day deadline in Rule 4(m). Dkt. No. 34 at 3. The court concludes that, under

these circumstances, there was good cause to extend the plaintiff's ninety-day deadline to effect service on the defendants. The court will not dismiss the plaintiff's complaint because of inadequate or untimely service.

B.     Lack of Personal Jurisdiction (Rule 12(b)(2))

The defendants argue that the court lacks personal jurisdiction over them, so the plaintiff bears the burden of establishing the court's jurisdiction. See Purdue Research. Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (cting Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002)). Because the court is not conducting an evidentiary hearing on this question, "the plaintiff 'need only make out a *prima facie* case of personal jurisdiction.'" Id. (quoting Hyatt, 302 F.3d at 713). In deciding whether the plaintiff has made out a *prima facie* case, the court must resolve all relevant factual disputes in the plaintiff's favor. Id. (citing Nelson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983)). The court accepts the allegations in the complaint as true, Hodgson v. Miss. Dep't of Corrs., 963 F. Supp. 776, 795 (E.D. Wis. 1997), but the plaintiff cannot rely on the pleadings and must "submit affirmative evidence supporting the exercise of jurisdiction." Purdue, 338 F.3d at 783 & n.13 (citing cases). The plaintiff has not responded to the defendants' motion and has not proffered any evidence to contest their assertion that the court lacks jurisdiction over them.

The plaintiff brought this lawsuit under 42 U.S.C. §1983, which does not confer jurisdiction over the defendants. See Hodgson, 963 F. Supp. at 795, n.15 (citing cases). Whether the court has personal jurisdiction depends on two

factors: 1) whether Wisconsin law permits jurisdiction over the defendants and 2) whether jurisdiction "comports with the requirements of federal due process." Purdue, 338 F.3d at 779.

Wisconsin's relevant "long-arm" jurisdictional statute is Wis. Stat. §801.05. That statute confers jurisdiction in several situations. Relevant here, it permits jurisdiction over a defendant served with process or domiciled in Wisconsin; where the defendant "[i]s engaged in substantial and not isolated activities within this state"; or where the action seeks redress for an injury caused within the state or for an act committed within the state that caused an injury, whether in this state or another. Wis. Stat. §801.05(1)(a)–(b) & (d) and (3)–(4). Jurisdiction also may be proper if the claims involve services, goods or contracts involving this state or involve property either party owns in this state. Wis. Stat. §801.05(5) & (6).

None of those subsections apply here. The defendants swear that they do not live in Wisconsin and never have. Dkt. No. 35 at ¶¶1–2, 4; Dkt No. 36 at ¶¶1–3. Nor was either defendant served with process in Wisconsin; they were served in Georgia and Kentucky. Dkt. Nos. 23, 24. Neither defendant has ever owned or leased property in Wisconsin. Dkt. No. 35 at ¶4; Dkt No. 36 at ¶3. The plaintiff's claims do not involve goods, services, contracts or property in the state of Wisconsin, and the complaint does not allege that any injury or any of the acts causing injury occurred in this state. Based on the complaint and the defendants' undisputed declarations, Wisconsin's long-arm jurisdictional statute does not confer personal jurisdiction over either defendant. For this

reason, the court could grant the defendants' motion to dismiss for lack of personal jurisdiction under Fed R. Civ. P. 12(b)(2).

But even if Wisconsin law permitted jurisdiction over the defendants, federal due process would not. Under the Due Process Clause of the Fourteenth Amendment, the court may assert jurisdiction over the defendants only if they "have 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted)). The "contacts" required to satisfy the due process clause can be either "'continuous and systematic general business contacts' with the forum" or specific to the subject matter of the lawsuit itself. Id. (quoting Shoe, 326 U.S. at 416). In the latter case, the court "must decide whether a defendant has 'purposefully established minimum contacts within the forum State'" such that it would be fair for the defendant to "'reasonably anticipate being haled into court'" in that state. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 476–77 (1985)).

There are no facts suggesting that the defendants' contacts with Wisconsin meet either of these criteria. The defendants swear that their only interaction with Wisconsin, and their only time spent in this state, was when they brought the plaintiff to the Brown County Jail. Dkt. No. 35 at ¶¶5, 7–8; Dkt. No. 36 at ¶¶6–7. As noted above, neither defendant lives here, owns or leases property here, has conducted business in Wisconsin, has contracted for

11
Case 2:20-cv-00163-PP   Filed 05/26/22   Page 11 of 16   Document 38

goods or services in this state or has spent any considerable time here at all. Neither defendant had any relation with Wisconsin before bringing the plaintiff here, and neither has had any relation with Wisconsin since. The complaint does not allege that the defendants' harmful actions occurred within this state's borders. It would be entirely unreasonable for the court to force the defendants to litigate this matter in Wisconsin.

The court concludes that exercising personal jurisdiction over either defendant would violate their right to due process under the Fourteenth Amendment. The court will dismiss this case for lack of personal jurisdiction over the defendants.

### C. Improper Venue (Rule 12(b)(3))

Even if the court could exercise its jurisdiction over the defendants, the defendants also have moved to dismiss on the ground that venue is not proper in the Eastern District of Wisconsin. Under 28 U.S.C. §1391(b), venue for a civil action is proper in a judicial district in which 1) "any defendant resides, if all defendants are residents of the State in which the district is located"; 2) "a substantial part of the events or omissions giving rise to the claim occurred"; or 3) "any defendant is subject to the court's personal jurisdiction," if there is no other district in which the action may be brought. 28 U.S.C. §1391(b)(1)–(3).

The complaint alleges events that occurred in several states. The harms the plaintiff says violated his constitutional rights occurred in at least Kentucky, Tennessee and Missouri. His allegations involving Wisconsin are limited to one three-sentence paragraph at the end of his thirteen pages of

12
Case 2:20-cv-00163-PP   Filed 05/26/22   Page 12 of 16   Document 38

allegations. Dkt. No. 1 at 15. That paragraph alleges only that he arrived at the Brown County Jail in Wisconsin and received medical treatment. None of the alleged harm occurred in Wisconsin. None of the defendants are residents of Wisconsin, nor are they alleged to be employees of Wisconsin or the Brown County Jail. None of their actions occurred in Wisconsin or at the Brown County Jail. The defendants swear that they have been to Wisconsin only on this one occasion, to transport the plaintiff to the Brown County Jail, and have not been back since. Dkt. No. 35 at ¶¶5, 7–8; Dkt. No. 36 at ¶¶6–7. The court lacks personal jurisdiction but even if it did not, there is no reason the plaintiff could not have brought this case in one of the districts in which the alleged events occurred or in which the defendants reside. Venue in the Eastern District of Wisconsin is improper because the complaint provides no basis for venue in this district.

Rather than dismiss the case, however, the court may cure the defect of improper venue by transferring the case "to any district or division in which it could have been brought," if doing so would be in the interest of justice. 28 U.S.C. §1406(a). As the Seventh Circuit has noted, "Congress enacted § 1406(a) to avoid 'the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.'" Cont'l Ins. Co. v. M/V ORSULA, 354 F.3d 603, 608 (7th Cir. 2003) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)). The defendants assert that the court should dismiss the case rather than transfer it to a

13

different district. Dkt. No. 34 at 7. They assert that because the "complaint alleges conduct that occurred in a multitude of different states and districts . . . it cannot be determined which district or division" is the proper venue. Id.

The plaintiff is a former prisoner proceeding without counsel. He is not a frequent filer, and there is no indication that he has an above-average knowledge of the law, including the rules of venue and jurisdiction. It would be unfair to punish him for picking the wrong venue in which to bring this lawsuit. The court finds that it is in the interest of justice to transfer this case to another district rather than dismiss it. See Gates v. Litscher, No. 00-C-159-C, 2000 WL 34236730, at *4 (W.D. Wis. July 27, 2000) ("Particularly when a plaintiff is proceeding pro se, transfer to a district court in which venue is proper is in the interest of justice.").

The court agrees with the defendants, however, that the complaint does not make clear which judicial district is the most appropriate one. The complaint alleges harm that occurred in several states in October and November 2019. The relevant statute of limitations for claims brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The limitations period for §1983 actions arising in Wisconsin is the three-year limitations period under Wis. Stat. §893.54 (2018). Dismissing this case and ordering the plaintiff to refile could have the effect of a dismissal with prejudice depending on the venue in which the plaintiff wishes to proceed. The limitations period in

Tennessee, a potential transferee venue, is only one year. See Montgomery v. Whidbee, 446 F. Supp. 3d 306, 313 (M.D. Tenn. 2020) (citing Tenn. Code Ann. §28-3-104(a)(1)(B); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); and Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986)). Kentucky similarly has only a one-year limitations period. See 4th Leaf, LLC v. City of Grayson, 425 F. Supp. 3d 810, 817 n.6 (E.D. Ky. 2019) (citing Ky. Rev. Stat. §413.140(1)(a)). Missouri's statute of limitations for personal injury actions is five years. See Milliman v. Howell Cty., Mo., No. 6:21-CV-03119-MDH, 2021 WL 4342322, at *1 (W.D. Mo. Sept. 23, 2021) (citing Mo. Rev. Stat. 516.120; and Sulik v. Taney Cty., Mo., 393 F.3d 765, 766–67 (8th Cir. 2005)).

    The court concludes that the interests of justice are best served by transferring this case to another district, rather than dismissing it outright. But the court will not decide which district is the proper one. The plaintiff must choose the district in which he wishes to proceed in this lawsuit. The court will give the plaintiff an opportunity to notify the court of the district to which he wants the court to transfer this case. He must notify the court in writing of his decision by the end of the day on **June 27, 2022**. If the plaintiff does not file a written document identifying a proper venue to which to transfer his case in time for the court to *receive* it by the end of the day on June 27, 2022, the court will dismiss this case, regardless of the effect dismissal will have on the plaintiff's ability to file suit in other jurisdictions.

15
Case 2:20-cv-00163-PP    Filed 05/26/22    Page 15 of 16    Document 38

## IV. Conclusion

The court **GRANTS** the defendants' motion to dismiss the complaint for lack of personal jurisdiction and improper venue. Dkt. No. 33.

If the plaintiff wants to proceed with this lawsuit in another jurisdiction, he must file a written document identifying a proper venue to which he wants the court to transfer this case in time for the court to *receive* it by the end of the day on **June 27, 2022**. If the court does not receive that written notification by the end of the day on June 27, 2022, the court will enter judgment dismissing the case.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**