UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK A. HOUSTON,

    Plaintiff,

v.                                                  Case No. 20-cv-163-pp

CO STUCKER, *et al.*,

    Defendants.

---

## ORDER DISMISSING CASE

---

On May 26, 2022, the court issued an order granting the defendants' motion to dismiss for lack of personal jurisdiction and improper venue and ordering that by June 27, 2022, the plaintiff must identify a proper venue. Dkt. No. 38. The court advised the plaintiff that if he did not identify in writing "a proper venue to which to transfer his case in time for the court to *receive* it by the end of the day on June 27, 2022, the court [would] dismiss this case, regardless of the effect dismissal [would] have on the plaintiff's ability to file suit in other jurisdictions." Id. at 15. The June 27, 2022 deadline has passed, and the plaintiff has not identified a transferee venue or otherwise communicated with the court. The court's order has not been returned to the court as undeliverable and the court has not received a change-of-address notice from the plaintiff, so the court has no reason to believe that the plaintiff did not receive the May 26, 2022 order. As it said it would do in the May 26, 2022 order, the court will dismiss this case for lack of personal jurisdiction and improper venue.

The court **ORDERS** that this case is **DISMISSED** for lack of personal jurisdiction and improper venue. The clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**